UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GENE DeSHAWN M. WATKINS**                                                                 **PLAINTIFF**

v.                                                            **CIVIL ACTION NO. 3:15-CV-451-GNS**

**L.M.P.D.**                                                                                **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Gene DeShawn M. Watkins, proceeding *pro se* and *in forma pauperis*, has brought a civil-rights complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues "L.M.P.D.," which the Court assumes refers to the Louisville Metro Police Department.[1] He alleges that on April 24, 2015, he was taken "hostage" and his civil liberties were violated. He states:

> I got a threat from the ofc he didn't have his badge or knew his badge number he was impersonation an police officer he threatened to hit me w/ that flashlight VA personel was wittness to him not havin his badge he gave a badge number but it could have been made up.

Additionally, Plaintiff states:

> I was takened hostage by an officer who didn't have a badge on him he knew the number but he could have made up a number that's impersonatin a police officer which is 10 yrs. Plus he kidnapped me meanin he took me hostage I asked over and over let me see [your] badge he didn't have it on him so he took me to VA

---

[1] At the time he filed this action, Plaintiff already had filed six other *pro se* actions in this Court, all of which have been dismissed. *Watkins v. Federal Bureau of Investigation*, 3:12-CV-130-JHM; *Watkins v. Federal Bureau of Investigation*, 3:13-CV-204-CRS; *Watkins v. Federal Bureau of Investigation*, 3:14-CV-585-JGH; *Watkins v. Federal Bureau of Investigation*, 3:14-CV-656-CRS; *Watkins v. FBI*, 3:14-CV-681-JGH; *Watkins v. City of Shively Police Department*, 3:15-CV-409-CRS; and *Watkins v. Sheivly Police, et al.*, 3:15-CV-450-CRS.

> hosptial he didn't show them his badge also when . . . I ask the arrestin officer to show his badge to VA police he still didn't show his badge to VA police officers[.] [T]he other officer had his badge I was told #1086 that's what the arrestin officer said he answered his covered badge number for him but the arrestin officer did have his badge.

He asks for damages due to "mental distress."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the gist of Plaintiff's complaint is that he was arrested (or taken hostage) by someone impersonating a police officer. The only named Defendant, L.M.P.D., therefore could not be responsible for the alleged wrongdoing, as, according to the complaint, the arresting officer was not an L.M.P.D. officer, but rather someone impersonating a police officer. Thus, the Court finds that Plaintiff has not alleged "facts to state a claim to relief that is plausible on its face" with regard to the only-named Defendant. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

In any event, the Court finds the allegations of kidnapping entirely conclusory. The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Consequently, Plaintiff's claims are subject to dismissal for failure to state a claim upon which relief may be granted on that basis as well. *See id.* at 511-12.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed for failure to state a claim.

Date: November 24, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
4416.009